IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

    Plaintiff,

v.                                                           No. 20-cv-0753WJ-SMV

METROPOLITAN DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. The Complaint alleges prison officials were deliberately indifferent to a serious risk of harm. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND

    Plaintiff was previously detained at the Metropolitan Detention Center (MDC). When he entered that facility, he volunteered to participate in a virological study through the University of New Mexico Hospital (UNMH). UNMH tested Plaintiff's blood for H.I.V. and hepatitis. The results were negative. Plaintiff then used communal nail and hair clippers at MDC, which were "not properly sanitized." *See* Doc. 1 at 2. He contracted hepatitis while in custody and believes the infection is traceable to the unsanitary clippers. Plaintiff has Stage II chronic kidney disease as a result of the hepatitis. He also alleges contracting hepatitis "add[ed] to [his] … existing mental

problems." *Id.* at 4.

The Complaint raises claims for deliberate indifference to safety under the Eighth Amendment and 42 U.S.C. § 1983. Plaintiff seeks over $5 million in damages from MDC, plus payment of all future medical expenses. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## DISCUSSION

Plaintiff's claims arise under 42 U.S.C. § 1983, the "remedial vehicle for raising claims

based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008); Trask, 446 F.3d at 1046.

The Complaint here fails to name a person involved in the alleged wrongdoing. MDC is the only Defendant, but "a detention facility is not a person or legally created entity capable of being sued" under § 1983. *White v. Utah*, 5 Fed. App'x 852, 853 (10th Cir. 2001). Even if the Complaint did name the person(s) responsible for providing sanitary clippers, the alleged facts do not state a claim for deliberate indifference. To satisfy this standard, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). The circumstances, nature, and duration of unsanitary conditions must be considered in determining whether a constitutional deprivation has occurred. *See Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (analyzing the circumstances surrounding exposure to unsafe conditions). To satisfy the subjective prong of deliberate indifference test, each defendant must have known plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

Plaintiff does not describe any circumstances surrounding MDC's barbering practices. It is unclear how and when inmates used clippers; what cleaning supplies, if any, were available between uses; and what precautions, if any, MDC took to supervise the use of equipment based on health status. The Complaint also fails to allege facts showing any Defendant knew inmates were using unsanitary grooming tools and disregarded that risk. Accordingly, the Court will dismiss the Complaint without prejudice for failure to state a cognizable claim under § 1983. *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may file a single, amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice.

**IT IS ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE