IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

      Plaintiff,

    v.                                                  Civ. No. 20-753 WJ/SCY

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER and LT. ABRAHAM
GALLARDO,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION TO DISMISS

This Proposed Findings and Recommended Disposition addresses Defendant Bernalillo County Metropolitan Detention Center's ("BCMDC") Motion to Dismiss. Doc. 23. The Honorable William P. Johnson referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 28. After reviewing the briefs and the relevant law, I recommend granting the motion to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff filed this prisoner's civil rights complaint against BCMDC, alleging Eighth Amendment violations for reckless disregard, deliberate indifference, and cruel and unusual punishment. Doc. 1. At the same time as filing his complaint, Plaintiff filed a motion to proceed in forma pauperis, Doc. 2, which the Court granted, Doc. 3. Because Plaintiff was proceeding under 28 U.S.C. § 1915, the Court reviewed the complaint and dismissed it for failure to state a claim, but allowed Plaintiff leave to amend. Doc. 14. Plaintiff subsequently filed an amended complaint, Doc. 15, and a supplement to the complaint, Doc. 17. The Court then ordered service

on Lt. Gallardo.¹ Doc. 19. Upon appearing in the case, Lt. Gallardo filed an answer, Doc. 24, and BCMDC filed the present motion to dismiss for failure to state a claim, Doc. 23. Plaintiff did not file a response to the motion to dismiss, thereby consenting to the motion.² D.N.M. LR-Civ. 7.1(b).

## FACTUAL ALLEGATIONS

I take the following facts from Plaintiff's amended complaint (Doc. 15) and supplement (Doc. 17), which I assume are true for the purposes of the present motion and construe them in the light most favorable to Plaintiff. While Plaintiff was at BCMDC, he asked Lt. Gallardo, who was in charge of the housing unit Plaintiff resided in, several times to have hair clippers sanitized before using them. Doc. 15 at 1. The hair clippers are supposed to be sanitized with barbicide, in the inmate's presence, after each haircut. *Id.* Upon these requests, Lt. Gallardo would inform Plaintiff that the clippers were already sanitized or not to worry about it because it was taken care of. *Id.* But Lt. Gallardo never sanitized the hair clippers in Plaintiff's presence. *Id.* After the third time Plaintiff and other inmates asked Lt. Gallardo about sanitizing the clippers, he became hostile and belligerent and told the inmates they could go without haircuts if they did not believe that he had sanitized them. *Id.* at 1-2. Plaintiff knew the clippers were not being sanitized because he observed a previous group of inmates getting haircuts without sanitation in between the cuts. *Id.* at 2.

Also, all the inmates in the same pod used the same nail clippers. *Id.* The nail clippers were usually brought to inmates in a cup of barbicide, but on one occasion they were not. *Id.*

---

¹ As will be discussed further below, it is not clear if Plaintiff's amended complaint brings suit against BCMDC, and so the Court only ordered service on Lt. Gallardo.

² Plaintiff did file a letter, but it is directed at Lt. Gallardo's answer, not BCMDC's motion to dismiss. *See* Doc. 25.

When Plaintiff asked about the barbicide, Lt. Gallardo informed him that the nail clippers had been sterilized. *Id.* Plaintiff had no choice but to use the clippers on his long nails, so before using them he washed them in soap and water, but soap and water does not kill hepatitis C or the HIV virus. *Id.*

There is a high presence of hepatitis C in New Mexico and a majority of the jail population is positive for hepatitis C. *Id.* at 1. As a result of Lt. Gallardo not sanitizing the hair and nail clippers, Plaintiff contracted hepatitis C, which then resulted in stage II kidney disease. *Id.* at 3; Doc. 17 at 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint does not require detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457,

1465 (10th Cir. 1994). Nor is the court required to accept as true legal conclusions that are masquerading as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must, however, view a plaintiff's allegations in the light most favorable to him. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

When a plaintiff proceeds pro se, the court generally construes his pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## ANALYSIS

BCMDC moves to the dismiss the lawsuit against it, asserting that it is not a suable entity. Doc. 23 at 3. As an initial matter, it is not totally clear whether Plaintiff's amended complaint brings this lawsuit against BCMDC. Plaintiff's original complaint named BCMDC as the only defendant. Doc. 1. After screening the complaint, the Court entered an Order, explaining that

> Plaintiff's claims arise under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between

>the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.
>
>The Complaint here fails to name a person involved in the alleged wrongdoing. MDC is the only Defendant, but "a detention facility is not a person or legally created entity capable of being sued" under § 1983. *White v. Utah*, 5 Fed. App'x 852, 853 (10th Cir. 2001).

Doc. 15 at 2-3. Thus, the Court dismissed the complaint without prejudice for failure to state a claim under § 1983, allowing Plaintiff to file an amended complaint. *Id.* at 4.

Following the direction of the Court's screening Order, Plaintiff's amended complaint names Lt. Gallardo as involved in the alleged wrongdoing. The amended complaint does not include a case caption or statement of parties, so it is unclear if Plaintiff intended to add Lt. Gallardo as a defendant, in addition to BCMDC, or replace BCMDC as a defendant. The body of the amended complaint, however, contains no allegations or causes of action specific to BCMDC and so it seems the Plaintiff intended to drop BCMDC as a defendant.

To the extent Plaintiff did intend to name BCMDC as a defendant in his amended complaint, I agree that it should be dismissed from this suit for the reasons recited above and in the Court's previous Order: a detention facility is not a suable entity. *See* Doc. 14 at 2-3; *see also Aston v. Cunningham*, 216 F.3d 1086 (10th Cir. 2000) ("a detention facility is not a person or legally created entity capable of being sued").

## RECOMMENDATION

For these reasons, I recommend GRANTING Defendant Bernalillo County Metropolitan Detention Center's Motion to Dismiss (Doc. 23).

*/s/ Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

5

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**