IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

    Plaintiff,

v.                                                                                                  Civ. No. 20-753 WJ/SCY

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER and LT. ABRAHAM
GALLARDO,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes the Court sua sponte, following the Order to Show Cause. The Honorable William P. Johnson referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 28. Given Plaintiff's failure to participate in drafting the Joint Status Report, failure to appear for the scheduling conference, and failure to respond to the Order to Show Cause, I recommend dismissing this matter without prejudice.

## PROCEDURAL HISTORY

Plaintiff Christopher Lee Crespin filed a Section 1983 prisoner's civil rights complaint on July 14, 2020 against the Bernalillo County Metropolitan Detention Center ("BCMDC"), alleging Eighth Amendment violations for reckless disregard, deliberate indifference, and cruel and unusual punishment. Doc. 1. At that time, Plaintiff was incarcerated at the Penitentiary of New Mexico. *Id.* Along with his complaint, Plaintiff filed a motion to proceed in forma pauperis, Doc. 2, which the Court granted, Doc. 3. On June 1, 2021, Plaintiff filed a notice of address change to a residential address. Doc. 11. On February 16, 2022, Plaintiff filed another notice of address change to the Central New Mexico Correctional Facility. Doc. 12. Plaintiff filed one

more notice of address change on April 4, 2022 to the Southern New Mexico Correctional Facility. Doc. 13.

Because Plaintiff was proceeding under 28 U.S.C. § 1915, the Court reviewed his complaint and on July 18, 2022 dismissed it for failure to state a claim, but allowed Plaintiff leave to amend. Doc. 14. Plaintiff subsequently filed an amended complaint, Doc. 15, and a supplement to the complaint, Doc. 17. In his amended complaint, he alleges that while he was at BCMDC, Lt. Gallardo refused to sanitize hair clippers and nail clippers which caused Plaintiff to contract hepatitis C, leading to stage II kidney disease. Doc. 15 at 1-3; Doc. 17 at 1.

Upon review of the amended complaint, the Court found that it survived dismissal under Federal Rule of Civil Procedure 12(b)(6) and that the claims needed to be resolved on a full record. Doc. 19. Accordingly, the Court ordered service on Lt. Gallardo.[1] *Id.* Upon appearing in the case in November 2022, Lt. Gallardo filed an answer, Doc. 24, and BCMDC filed a motion to dismiss for failure to state a claim, Doc. 23. On February 21, 2023, Plaintiff filed his most recent notice of address change to a residential address.[2] Doc. 29. On May 8, 2023, I issued a Proposed Findings and Recommended Disposition ("PFRD"), recommending that the Court grant BCMCD's motion to dismiss. Doc. 30. Neither side objected to the PFRD and on May 31, 2023, the Court adopted it and dismissed BCMDC from this case. Doc. 31.

---

[1] It is not clear if Plaintiff's amended complaint brings suit against BCMDC, and so the Court only ordered service on Lt. Gallardo.

[2] Indeed, as of September 6, 2023, Plaintiff's offender status on the New Mexico Corrections Department is listed a "Probation/Parole." Offender Search, New Mexico Corrections Department (Sept. 6, 2023), https://www.cd.nm.gov/offender-search/.

Thereafter, in order to move the case forward as to the remaining Defendant, Lt. Gallardo, I issued an Initial Scheduling Order under Federal Rule of Civil Procedure 16.[3] Doc. 32. That Order set a telephonic scheduling conference for July 25, 2023, and instructed the parties to file a joint status report by July 14, 2023. *Id.* The order was mailed to Plaintiff at the last address he provided (in Doc. 29) and no return to sender was received. On the July 14 deadline, Defendant Gallardo filed his portion of the Joint Status Report, noting that he had been unable to contact Plaintiff. Doc. 33 at 1 (explaining that he does not have a phone number for Plaintiff and Plaintiff did not respond to counsel's letters); *see also* Doc. 34 (scheduling conference clerk's minutes in which defense counsel explained that his office sent letters to Plaintiff on June 7, 2023 and June 21, 2023, but received no responses).

At the July 25 scheduling conference, counsel for Defendant appeared, but Plaintiff failed to appear. Doc. 34. Because neither the Court nor defense counsel had a phone number for Plaintiff, *see* Doc. 34, the Court was not able to contact him to remind him of the conference. Given Plaintiff's failure to file his portion of the Joint Status Report and his failure to appear at the scheduling conference, I issued an Order to Show Cause on July 26, 2023. Doc. 35. That Order set a response deadline of August 18, 2023, and advised Plaintiff that failure to respond

---

[3] Since Plaintiff was an inmate when he filed this prisoner's civil rights case, this case is exempt from Federal Rule of Civil Procedure 16's scheduling order requirement. *See* Fed. R. Civ. P. 16(b)(1); D.N.M. LR-Civ. 16.3(d). Instead, "[w]hen the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In this case, however, the Court determined, without the need for a *Martinez* report, that the case survived initial screening. *See* Doc. 19. Thus, instead of ordering a *Martinez* report following screening, I set the case for a scheduling conference to allow the parties to conduct discovery. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts order the *Martinez* report not to provide discovery, but to aid in screening the complaint."); *see also* D.N.M. LR-Civ. 16.3 (allowing the court to set a scheduling order even if the case is exempt from Rule 16).

may result in dismissal of his case. *Id.* Again, that order was mailed to Plaintiff at the last address he provided (in Doc. 29) and no return to sender was received. To date, Plaintiff has not responded to the Order to Show Cause.

## ANALYSIS

Under Federal Rules of Civil Procedure 16, the court "may issue any just orders" if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Such "just order" may include dismissing an action. Fed. R. Civ. P. 16(f)(1) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)). Likewise, Rule 41(b) allows the court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, and for failing to comply with court rules or any order of the court." (internal citations omitted)). Given Plaintiff's failure to participate in drafting the Joint Status Report as ordered by the Court, his failure to appear at the scheduling conference, and his failure to respond to the Order to Show Cause, I recommend dismissing his case without prejudice.

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) ("[A] district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." (internal quotation

marks and citation omitted)). However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Here, Plaintiff alleges that his injury occurred on or around February 14, 2017 (Doc. 1 at 2) and, therefore, the statute of limitations for his § 1983 claims likely expired in 2020. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). Thus, I will consider the *Ehrenhaus* factors and whether dismissal without prejudice (that is effectively dismissal with prejudice) is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice).

Before dismissing a case with prejudice, the court should consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal citations omitted). In this case, the first two factors are related. That is, Plaintiff's failure to participate in the case prejudices Defendant in his ability to challenge Plaintiff's claims and resolve the case. Likewise, his failure to participate in the case interferes with the judicial process by completely halting any movement towards a resolution of the case. Next, I find Plaintiff culpable because he has failed to comply with the Court's last two orders and, indeed, has had no contact with the Court since filing his February 2023 change of address. Doc. 29. As to the fourth factor, in the Order to Show Cause

5

issued after Plaintiff's failure to appear for the scheduling conference, the Court warned Plaintiff that "failure to comply with this Order may result in dismissal of his case." Doc. 35 at 1. Lastly, no lesser sanction would be effective. Given Plaintiff's complete failure to participate in the case, any sanction less than dismissal would likely result in the same problem: Plaintiff would continue to not respond to Court orders and the case would be unable to move forward. As discussed above, I do recommend that the Court dismiss with case without prejudice, which is a lesser sanction than dismissal with prejudice. Nonetheless, given the potential statute of limitation problem, such dismissal likely would be equivalent to dismissal with prejudice. Thus, despite the fact that I am recommending dismissal without prejudice, I nonetheless also recommend that the Court find that the *Ehrenhaus* factors support dismissal of this action with prejudice. That is, I recommend finding that even if dismissal without prejudice is effectively dismissal with prejudice, such dismissal is warranted.

## RECOMMENDATION

For these reasons, I recommend dismissing this case without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**