IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

    Plaintiff,

v.                                                                                                    Civ. No. 20-753 WJ/SCY

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER and LT. ABRAHAM
GALLARDO,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION TO REOPEN[1]

On September 11, 2023, I entered a Proposed Finding and Recommended Disposition ("PFRD") recommending that, given Plaintiff's failure to participate in the case, the Court dismiss this matter without prejudice. Doc. 36. The PFRD outlines the procedural history of the case, including that Plaintiff failed to participate in the case over many months, including failing to participate in drafting the Joint Status Report, failing to appear for the scheduling conference, and failing to respond to an Order to Show Cause. *Id.* at 1-4. Plaintiff did not object to the PFRD, and on October 13, 2023 the Court adopted it, dismissed the case without prejudice, and entered a Final Judgment. Docs. 37, 38. On January 23, 2024, Plaintiff filed the present Motion to Reopen Case. Doc. 40; *see also* Doc. 41 (response).

---

[1] Honorable William P. Johnson referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 28.

Because Plaintiff filed this motion more than 28 days after entry of the final judgment, I treat the motion as one for relief from judgment under Rule 60.[2] *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) ("A motion for reconsideration . . . may be construed in one of two ways: if filed within [28][3] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)."); *see also Coleman v. Johnston*, No. 20-3236-JWL, 2023 WL 8715808, at *1 (D. Kan. Dec. 18, 2023) ("Plaintiff's motion to reopen is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter."). Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000) (internal quotation marks and citation omitted).

---

[2] In his motion, Plaintiff states that he "would like to invoke 'employing Rile 41(b)' to have another go at [his] case." Doc. 40 at 1. Federal Rule of Civil Procedure 41(b), however, is inapplicable to his motion as it applies to involuntary dismissals, not requests to reopen.

[3] Since *Computerized Thermal Imaging* was published in 2002, the relevant period under Rule 59(e) has changed from 10 days to 28 days.

As grounds to reopen—i.e., reconsider the final judgment—Plaintiff asserts that he "was never notified of any conferences or court[ orders] because the halfway house [he] was at (one up) got shut down and [he] had to move out abruptly and ended up incarcerated again." Doc. 40 at 1. Although Plaintiff does not couch this explanation in terms of Rule 60(b), it is clear that his lack-of-notice argument falls under Rule 60(b)(6)—any other reason that justifies relief. I, however, do not find that Plaintiff's explanation justifies relief because any lack of notice is of his own making.

On February 21, 2023, Plaintiff filed a notice of address change to a residential address. Doc. 29. Accordingly, the Court updated his address on its docket and sent all Court orders to that address, including those to which Plaintiff failed to respond: the Initial Scheduling Order (Doc. 32), clerk's minutes following the scheduling conference (Doc. 34), Order to Show Cause (Doc. 35), and PFRD (Doc. 36). None of these mailings came back undeliverable. If that address was no longer the address at which Plaintiff was able to receive notice, it was his duty to update the Court with a new address. *See* D.N.M. LR-Civ. 83.6 ("All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses."). Plaintiff, however, did not update his address until December 26, 2023 (Doc. 39), over two months after the Court entered the final judgment (Doc. 38) and over five months after his failure to respond to the first Court order (Docs. 32, 33).[4] Further, it does not appear that the address Plaintiff provided on February 21, 2023, to which the Court sent its orders, was for a halfway

---

[4] When Plaintiff updated his address, the Court, as a courtesy, mailed him a copy of the PFRD, Order adopting the PFRD, and Final Judgment.

house, and so it is unclear how Plaintiff's abrupt move from a halfway house would have impacted his ability to receive notice from the Court.

For these reasons, I recommend finding that Plaintiff has failed to offer sufficient justification to grant relief from the final judgment and to reopen the case. I therefore recommend that the Court DENY Plaintiff's Motion to Reopen (Doc. 40).

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**